United States District Court
Southern District of Texas

**ENTERED**

April 09, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| LAURA SCHMIDT, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00337 |
| | § | |
| ASSURED LENDER SERVICES, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Laura Schmidt has filed a Motion to Declare Lien Void and Unenforceable. Dkt. 15. Schmidt asks this court to "enter an order declaring the commercial loan lien on [Schmidt]'s residential homestead to be invalid and unenforceable as a matter of law." *Id.* at 1. Because Schmidt claims she is entitled to judgment as a matter of law, I construe Schmidt's motion as a motion for summary judgment. Having considered the motion, the response, the reply, and the applicable law, I recommend that the motion be denied.

## BACKGROUND

On July 28, 2021, Schmidt obtained a loan from Velocity Commercial Capital in the amount of $168,750.00 (the "Loan"). The Loan is secured by a Deed of Trust granting a lien against the real property and improvements located at 102 Ridge Road, Manvel, Texas 77578-4204. U.S. Bank is the current owner and holder of the Loan and Deed of Trust. PHH Mortgage Corporation is the Loan servicer.

On October 2, 2025, Schmidt filed suit in state court seeking, among other things, to enjoin a foreclosure sale on 102 Ridge Road. After the case was removed to this court, Schmidt amended her complaint to assert causes of action for quiet title and declaratory judgment. Smith seeks a declaratory judgment that the lien on 102 Ridge Road is invalid because the property is her homestead.

In her pleadings, Schmidt claims that 102 Ridge Road has been her homestead since March 17, 2021. The documents Schmidt signed on July 28, 2021—the same date she executed the Loan and Deed of Trust—tell a much different story. Schmidt signed a Certification of Non-Owner Occupancy and Indemnity stating, under penalty of perjury, that: (i) her "true and only principal residence" is 514 West Lang Street, Alvin, Texas 77511; (ii) 102 Ridge Road is not her principal residence; and (iii) she has no intention of ever making 102 Ridge Road her principal residence. Dkt. 18-3 at 2. Schmidt also signed an Affidavit of Non-Homestead in which she stated under oath that: (i) her homestead property is 514 West Lang Street, Alvin, Texas 77511; (ii) she does "not now and do[es] not intend ever to reside on, use in any manner, or claim" 102 Ridge Road as a homestead; and (iii) she "disclaim[s] all homestead right, interest, and exemption related to" 102 Ridge Road. Dkt. 18-4 at 2.

## THE LEGAL FRAMEWORK

### A.    SUMMARY JUDGMENT

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Schnell v. State Farm Lloyds*, 98 F.4th 150, 156 (5th Cir. 2024) (quotation omitted).

### B.    HOMESTEAD PROPERTIES AND THE TEXAS CONSTITUTION

"Homestead properties are afforded special and unique protections under the Texas Constitution." *Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 588 (Tex. App.—Austin 2013, pet. denied) (citing Tex. Const. art. XVI, § 50). "Texas homesteads are generally exempt from 'forced sale, for the payments of all debts,' except for those debts specifically enumerated in the constitution." *Thomas*, 408 S.W.3d at 588 (quoting Tex. Const. art. XVI, § 50). "When a lien that is not constitutionally permitted is placed on homestead property, the lien on the

2

property is void." *Thomas*, 408 S.W.3d at 588; *see also Hankins v. Harris*, 500 S.W.3d 140, 144 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("Generally, a lien may not attach to property that is held as the debtor's homestead[] because the Texas Constitution provides that homestead property is exempt from forced sale to pay debts, except for certain specified categories of debts."). Under Texas law, a commercial loan, like the one at issue here, cannot be secured by a homestead lien. *See* Tex. Const. art. XVI, § 50.

That said, "a previously acquired lien, whether general or special, voluntary or involuntary, . . . cannot be subsequently defeated by the voluntary act of the debtor in attempting to make [the property] his homestead." *Gage v. Neblett*, 57 Tex. 374, 378 (1882). Stated differently, "when the property has not become a homestead at the execution of the mortgage, deed of trust or other lien, the homestead protections have no application even if the property later becomes a homestead." *Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987).

## ANALYSIS

Given the legal framework discussed above, the lien on 102 Ridge Road is void if the property was designated as Schmidt's homestead on July 28, 2021, the date the loan originated. Conversely, the lien is valid if 102 Ridge Road was not Schmidt's homestead on July 28, 2021.

At this stage of the proceedings, there is a genuine issue of material fact as to when 102 Ridge Road became Schmidt's homestead. On one hand, Schmidt now contends that 102 Ridge Road has been her homestead since March 17, 2021, which is several months before she obtained the loan that created the lien at issue.[1] On the other hand, there is a trove of documentation indicating that 102 Ridge Road

---

[1] The record is devoid of any competent summary judgment evidence establishing that 102 Ridge Road has been Schmidt's homestead since March 17, 2021. Schmidt makes such an assertion in her pleadings, but it is well-established that unsworn pleadings are not competent summary judgment evidence. *See Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).

did not become Schmidt's homestead until after July 28, 2021—the date the loan originated. This evidence includes various documents that Schmidt signed under oath on July 28, 2021, stating that 102 Ridge Road was not her homestead, and she had no intention of ever making it her homestead.

It is improper for me to resolve factual disputes at summary judgment. That task is left to the trier of fact at trial. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (On summary judgment, district courts may not "evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes."). The sole question at summary judgment is whether a "reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor." *Id.* Because a reasonable jury could, based on the record before me, find that 102 Ridge Road was not Schmidt's homestead on the date the loan originated, summary judgment must be denied.[2]

## CONCLUSION

For the reasons explained above, I recommend that Schmidt's Motion to Declare Lien Void and Unenforceable (Dkt. 15) be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this _____ day of April 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] To be clear, I am not deciding at this time when 102 Ridge Road became Schmidt's homestead. That is a question that will be answered later in this case.