United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| LAURA SCHMIDT, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00337 |
| | § | |
| ASSURED LENDER SERVICES, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me are motions for summary judgment filed by Defendant U.S. Bank, National Association (Dkt. 31), Defendant Onity Mortgage Corporation (Dkt. 32),[1] and Plaintiff Laura Schmidt (Dkt. 42). Having reviewed the briefing, the record, and the applicable law, I recommend that Defendants' motions be granted, and Schmidt's motion be denied.

## BACKGROUND

On July 28, 2021, Schmidt obtained a loan from Velocity Commercial Capital in the amount of $168,750.00 (the "Loan"). The Loan is secured by a Deed of Trust granting a lien against the real property and improvements located at 102 Ridge Road, Manvel, Texas 77578 (the "Property"). U.S. Bank is the current owner and holder of the Loan and Deed of Trust. Onity is the Loan servicer.

Schmidt defaulted on her obligation to repay the Loan and failed to cure her default. On September 5, 2025, U.S. Bank accelerated the Loan balance and instituted foreclosure proceedings. On October 2, 2025, Schmidt filed suit in state court seeking, among other things, to halt the foreclosure sale on the Property. After the case was removed to this court, Schmidt amended her complaint to assert causes of action for quiet title and declaratory judgment. Smith seeks a declaratory

[1] Onity was formerly known as PHH Mortgage Corporation.

judgment that the lien on the Property is invalid because the Property is her homestead.

At the time she obtained the Loan, Schmidt signed a Certification of Non-Owner Occupancy and Indemnity stating, under penalty of perjury, that: (i) her "true and only principal residence" is 514 West Lang Street, Alvin, Texas 77511; (ii) the Property is not her principal residence; and (iii) she has no intention of ever making the Property her principal residence. Dkt. 31-6 at 1. Schmidt also signed a Designation of Homestead and Affidavit of Non-Homestead in which she stated under oath that: (i) her homestead property is 514 West Lang Street, Alvin, Texas 77511; (ii) she does "not now and do[es] not intend ever to reside on, use in any manner, or claim" the Property as her homestead; and (iii) she "disclaim[s] all homestead right, interest, and exemption related to" the Property. Dkt. 31-7.

Defendants move for summary judgment, arguing that there is an absence of evidence supporting Schmidt's claims and conclusive evidence establishing that the Property was not Schmidt's homestead when she obtained the Loan. Schmidt has not responded to either motion for summary judgment, but she has filed her own motion for summary judgment.

## THE LEGAL FRAMEWORK

### A. SUMMARY JUDGMENT

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Schnell v. State Farm Lloyds*, 98 F.4th 150, 156 (5th Cir. 2024) (quotation omitted). "The movant has the burden of showing that there is no genuine issue of fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant makes such a showing, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (quotation omitted). The nonmoving party "must go beyond

the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (quotation omitted).

Where the movant does not bear the burden of proof, his burden is satisfied by showing that the other party has a "failure of proof on an essential element of its claim." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020). A party makes this showing by introducing evidence or by "pointing out . . . an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the [movant] succeeds on that showing, the burden shifts to the [nonmovant] to demonstrate that there *is* a genuine issue of material fact and that the evidence favoring the [nonmovant] permits a jury verdict in the [nonmovant]'s favor." *Joseph*, 981 F.3d at 329.

**B. HOMESTEAD PROPERTIES AND THE TEXAS CONSTITUTION**

"Homestead properties are afforded special and unique protections under the Texas Constitution." *Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 588 (Tex. App.—Austin 2013, pet. denied) (citing Tex. Const. art. XVI, § 50). "Texas homesteads are generally exempt from 'forced sale, for the payments of all debts,' except for those debts specifically enumerated in the constitution." *Thomas*, 408 S.W.3d at 588 (quoting Tex. Const. art. XVI, § 50). "When a lien that is not constitutionally permitted is placed on homestead property, the lien on the property is void." *Thomas*, 408 S.W.3d at 588; *see also Hankins v. Harris*, 500 S.W.3d 140, 144 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("Generally, a lien may not attach to property that is held as the debtor's homestead, because the Texas Constitution provides that homestead property is exempt from forced sale to pay debts, except for certain specified categories of debts."). That said, "a previously acquired lien, whether general or special, voluntary or involuntary, upon real property, cannot be subsequently defeated by the voluntary act of the debtor in attempting to make it his homestead." *Gage v. Neblett*, 57 Tex. 374, 378 (1882).

## ANALYSIS

### A. QUIET TITLE

Schmidt's first cause of action is a suit to quiet title. Defendants argue that Schmidt's quiet title claim fails because the Property was not her homestead when the Loan was made, which renders the lien on the Property valid and enforceable. *See* Dkt. 31 at 6; Dkt. 32 at 12.

"A suit to quiet title is an equitable action to clear a clouded title." *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 560 (N.D. Tex. 2021) (quotation omitted). "Title to property is clouded when a party has an invalid claim to the property that serves to diminish the property's value." *Carter v. Bank of Am., N.A.*, No. 3:12-cv-4550, 2013 WL 1482610, at *2 (N.D. Tex. Apr. 9, 2013) (quotation omitted). To quiet title in her favor, Schmidt must show:

> (1) [her] right, title, or ownership in real property; (2) that [Defendants have] asserted a 'cloud' on [her] property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that [Defendants'] claim or encumbrance is invalid.

*Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). As the party asserting homestead protection, Schmidt has the burden of establishing that the Property qualifies as her homestead. *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 698 (5th Cir. 2009). Schmidt has not carried that burden.

The summary judgment evidence conclusively shows that the Property was not Schmidt's homestead when she obtained the Loan. Throughout the loan documents, Schmidt identified 514 West Lang St., Alvin, Texas, as her primary address. She also provided Defendants with a certification of non-owner occupancy and indemnity stating that 514 West Lang was her principal residence, that the Property was *not* her principal residence, and that she had no intention of ever making the Property her principal residence. *See* Dkt. 31-6 at 1; Dkt. 32-3 at 2. Schmidt likewise executed a Designation of Homestead and Affidavit of Non-

homestead containing essentially the same representations. *See* Dkt. 31-7; Dkt. 32-4 at 2.

Although Schmidt's quiet title claim hinges on the Property being her homestead, the summary judgment record firmly establishes that the Property was not Schmidt's homestead when she obtained the Loan. Importantly, the record contains no evidence raising a fact issue on this point. Although Schmidt asserts in her motion for summary judgment that she has resided at the Property since March 17, 2021, and that she "has never resided at 514 West Lang Street," Dkt. 42 at 2, these statements are unsworn. As the Fifth Circuit has explained, "[u]nsworn pleadings are not . . . competent summary judgment evidence." *Dorsett v. Bd. of Trs. for State Colls. & Univs.*, 940 F.2d 121, 124 (5th Cir. 1991). On summary judgment, even pro se litigants must come forward with more than an unsworn statement to create a genuine issue of material fact. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials."); *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) ("[T]he traditional leniency afforded to a pro se plaintiff does not excuse [a pro se party] from her burden of opposing summary judgment through the use of competent summary judgment evidence."); *Smith v. FTS USA/Unitek Glob. Serv.*, 676 F. App'x 264, 266 (5th Cir. 2017) (affirming district court's grant of summary judgment to defendants where the plaintiff "failed to support his allegations with any evidence in the record, relying instead on his unsworn pleadings and materials."). Schmidt has failed to offer competent summary judgment evidence in the form of an affidavit or declaration. As a result, there is no genuine issue of material fact. And even if I accepted Schmidt's unsworn statements, she expressly acknowledges that the Property was not her homestead on the date the loan closed. *See* Dkt. 42 at 2 ("Plaintiff's homestead exemption would not have been active until 2022."). This is critical

because "when the property has not become a homestead at the execution of the mortgage, deed of trust or other lien, the homestead protections have no application even if the property later becomes a homestead." *Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987).

Without homestead status, Schmidt identifies no other basis for invalidating the lien on the Property. Accordingly, she cannot establish the third element of her quiet title claim, and Defendants are entitled to summary judgment.

### B. DECLARATORY JUDGMENT

Schmidt's second cause of action is for a declaratory judgment. "The [federal] Declaratory Judgment Act, which authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration,' is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (quoting 28 U.S.C. § 2201(a)); *see also Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) ("[A]lthough the Declaratory Judgment Act provides a *remedy* different from an injunction—it does not provide an additional cause of action with respect to the underlying claim."). "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Davis v. Silver State Fin. Servs.*, No. H-13-1432, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) (collecting cases).

Because there is no evidence to support Schmidt's quiet title claim, Schmidt's declaratory judgment claim should be dismissed.

## CONCLUSION

For the reasons discussed above, I recommend that Defendants' motions for summary judgment (Dkts. 31, 32) be granted, and Schmidt's motion for summary judgment (Dkt. 42) be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R.

Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 22nd day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE